```
MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
John D. Hayashi, Bar No. 211077
Matthew M. Arnold, Bar No. 341862
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
matthew.arnold@morganlewis.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPANGA JACKSON, an individual; CONNER WARD, an individual; MAUSA ZAMANI, an individual; DAVID STARK, an individual; ARTURO CONCHAS, an individual; ETHAN SHIN, an individual; DAMIAM ARTEAGA, an individual; LARRY SNIDER, an individual; WILLIAM MARKWOOD, an individual; CAMERON FORTUNE-MORTON, an individual; JOHN BAKER, an individual; CASEY HAROLD, an individual; HAYLEY KINGABY, an individual; ALEXIS PRADO, an individual; ADONIS FELIX, an individual; STEVEN WILLIAMSON, an individual; DALLAS HOVDE, an individual; CHANCE SMITH JR., an individual; LUPE RAMIREZ, an individual; JONATHAN MYERS, an individual; JOHN HOTTON, an individual; GILBERT GOMEZ, an individual; ALISSA CARREIRO, an individual; STACEY ELIAS, an individual; SARA GAVES, an individual; TEMPLE HUNG, an individual; SAVANNAH KOLB, an individual; STEVEN PEREZ, an individual; EVERETT SENA, an individual; IVY PETERSON, an individual; LUCY MUNTEANU, an individual; JASMINE PULLMAN, an individual; FELIPE AMAYA, an | Case No. 2:22-cv-01833<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a), 1367, 1441, AND 1446**<br><br>[Declaration of Barbara J. Miller, Declaration of Anne Budniewski, Notice of Interested Parties, Notice of Related Cases, and Civil Cover Sheet filed concurrently]<br><br>*(Orange County Superior Court Case No. 30-2022-01241751-CU-OE-CXC)* |

individual; SABRINA GORDON, an individual; ANNETTE ROMO, an individual; BRANDALYN KEKIC, an individual; RICHARD VASQUEZ, an individual; ENRIQUE DE LA RIVA, an individual; CODY HANSEN, an individual; DEVIN REYES, an individual; JOHN VAZQUEZ, an individual; REINA PARTIDA, an individual; SEAN JOYNER, an individual; JAMES GODOY, an individual; GABRIELA BANUELOS, an individual; MIKE MAGDALENO, an individual; MARTIN HERNANDEZ, an individual; CLAUDIA ESQUIVEL, an individual; NATHAN BALLENGER, an individual; DONTE ROBY, an individual; JOHANNA APODACA, an individual; KATELYN USTACH, an individual; SYMIRIA HARRIS, an individual; FERNANDO CALDERON, an individual; BRANDON PARRA, an individual; CHRISTIAN MURPHY, an individual; JOSE CERVANTES, an individual; BILL HAMMOND, an individual,

     Plaintiffs,

  vs.

HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-50, inclusive,

     Defendants.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes the above-entitled action from the Orange County Superior Court to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1367(a), 1441, and 1446. This Court has original jurisdiction over the claims brought by Plaintiffs Topanga Jackson and Conner Ward under 28 U.S.C. § 1332(a) (diversity jurisdiction), and may exercise supplemental jurisdiction over the remaining Plaintiffs' claims under 28 U.S.C. § 1367(a). Therefore, this case is one that Defendants may remove pursuant to 28 U.S.C. § 1441. In support, Home Depot states as follows:

## I. SUMMARY OF THE COMPLAINT

1. On January 19, 2022, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of Orange, Case No. 30-2022-01241751-CU-OE-CXC. Declaration of Barbara J. Miller ("Miller Decl.") ¶ 2. Defendant accepted service of the Complaint via Notice and Acknowledgement of Receipt of Summons and Complaint on February 16, 2022. *Id.* As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Miller Declaration, filed concurrently in support of this Notice of Removal.

2. Plaintiffs Topanga Jackson, Conner Ward, Mausa Zamani, David Stark, Arturo Conchas, Ethan Shin, Damian Arteaga, Larry Snider, William Markwood, Cameron Fortune-Morton, John Baker, Casey Harold, Hayley Kingaby, Alexis Prado, Adonis Felix, Steven Williamson, Dallas Hovde, Chance Smith Jr., Lupe Ramirez, Jonathan Myers, John Hotton, Gilbert Gomez, Alissa Carreiro, Sara Gaves, Temple Hung, Savannah Kolb, Steven Perez, Everett Sena, Ivy Peterson,

Lucy Munteanu, Jasmine Pullman, Felipe Amaya, Sabrina Gordon, Annette Romo, Brandalyn Kekic, Richard Vasquez, Enrique De La Riva, Cody Hansen, Devin Reyes, John Vazquez, Reina Partida, Sean Joyner, James Godoy, Gabriela Banuelos, Mike Magdaleno, Martin Hernandez, Claudia Esquivel, Nathan Ballenger, Donte Roby, Johanna Apodaca, Katelyn Ustach, Symiria Harris, Fernando Calderon, Brandon Parra, Christian Murphy, and Jose Cervantes (collectively, "Plaintiffs") were all formerly employed by Home Depot in California as nonexempt employees. Compl. ¶¶ 1-57. Each Plaintiff individually alleges that Home Depot failed to provide meal and rest periods, failed to pay overtime wages, failed to maintain accurate records, failed to pay all wages when due, failed to provide accurate itemized wage statements, failed to reimburse work expenses, failed to timely pay wages upon termination, and that Home Depot violated California's unfair competition law. *Id.* ¶¶ 71-99.

## II. THE REMOVAL IS TIMELY

3. Plaintiffs filed their Complaint in Orange County Superior Court on January 19, 2022. Compl. Defendant accepted service of the Complaint via Notice and Acknowledgement of Receipt of Summons and Complaint on February 16, 2022. Miller Decl. ¶ 2. Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).

## III. SUBJECT MATTER JURISDICTION

4. This Court has original jurisdiction over the claims brought by Plaintiffs Topanga Jackson and Conner Ward under 28 U.S.C. § 1332(a) (diversity jurisdiction) and may exercise supplemental jurisdiction over the remaining Plaintiffs' claims under 28 U.S.C. § 1367(a). Therefore, this case is one that Defendants may remove pursuant to 28 U.S.C. § 1441. Specifically, as discussed in detail below, this is a civil action between citizens of different states where the amount in controversy as to at least two of the Plaintiff's claims exceeds the sum or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42846690

4

NOTICE OF REMOVAL

value of $75,000, exclusive of interest and costs. Furthermore, the claims of the remaining Plaintiffs and the claims of Plaintiff Jackson and Plaintiff Ward arise from a common nucleus of operative fact. Because all Plaintiffs are diverse from Defendant, it is appropriate for the Court to assert jurisdiction over all of Plaintiffs' claims, and it should do so in the interest of judicial economy, convenience, and fairness to the parties.

### A. This Court Has Diversity Jurisdiction Over The Claims Of Topanga Jackson And Conner Ward Under 28 U.S.C. § 1332(a).

5. This Court has original jurisdiction over the claims brought by Plaintiffs Topanga Jackson and Conner Ward under 28 U.S.C. § 1332(a) (diversity jurisdiction).

#### 1. Complete Diversity Exists Between The Parties

6. A case may be heard in federal court under diversity jurisdiction if complete diversity of citizenship exists between the parties (i.e., all plaintiffs are diverse from all defendants). 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

7. Here, all requirements are met because (1) each Plaintiff is a citizen of California (Compl. ¶¶ 1-58), (2) Defendant is a citizen of Delaware and Georgia (Declaration of Anne Budniewski In Support of Notice of Removal ["Budniewski Decl."] ¶ 2), and (3) the citizenship of the "Doe Defendants" named in Plaintiffs' Complaint must be disregarded for purposes of determining diversity jurisdiction in this matter (28 U.S.C. § 1441(b)(1)).

8. Plaintiffs are all citizens of California. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. Oct. 3, 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is

determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Defendants are informed and believe that Plaintiffs are now, and since this action commenced on January 19, 2022, have been citizens of California. Plaintiffs' Complaint alleges that each Plaintiff was "at all relevant times a resident of" California. Compl. ¶¶ 1-58. On information and belief, all Plaintiffs intend to remain indefinitely in California, and there is no indication that any of the Plaintiffs are or have ever been citizens of Delaware or Georgia. Accordingly, each individual Plaintiff was and is domiciled in the State of California and, therefore, is a citizen of California for purposes of removal.

9. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California. Budniewski Decl. ¶ 2. Home Depot is a Delaware corporation, and its headquarters is in Atlanta, Georgia. *See id.*; *Ottaviano v. Home Depot, Inc.*, U.S.A., 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"). Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. Budniewski Decl. ¶ 2; *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42846690

6

NOTICE OF REMOVAL

10. Lastly, Defendants DOES 1-50 are unidentified. Compl. ¶ 62. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citations omitted). Accordingly, this action involves citizens of different states: each Plaintiff is a citizen of California, and Home Depot is a citizen of Delaware and Georgia. Therefore, the requirement of complete diversity is met as to all Plaintiffs.

### 2. The Amount In Controversy Requirement Is Met As To Plaintiffs Topanga Jackson and Conner Ward.

11. Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (applying *Dart* outside of the context of the Class Action Fairness Act).

12. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Courts in the Ninth Circuit and in the Central District have found that settlement demands issued by plaintiffs are sufficient to meet the preponderance of the evidence standard. *See e.g.*, *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of plaintiff's claim."); *Ives v. Allstate Ins. Co.*, 504 F. Supp. 3d 1095 (C.D. Cal. 2020) (holding a settlement demand was sufficient to meet the amount in controversy requirement for diversity jurisdiction).

Furthermore, the Court of Appeals found in *Cohn* that the plaintiff's settlement demand of $100,000—in the absence of any other evidence as to the amount in controversy—was sufficient evidence that the claim met the jurisdictional threshold. *Cohn*, 281 F.3d at 840.

13. Here, Plaintiffs Topanga Jackson and Conner Ward each issued settlement demands exceeding $75,000. On August 20, 2021, Plaintiff Jackson issued a settlement demand seeking in excess of $75,000 to resolve her individual claims. Miller Decl. ¶ 2. On August 20, 2021, Plaintiff Ward issued a settlement demand seeking in excess of $75,000 to resolve his individual claims. *Id*. Therefore, the amount in controversy requirement for diversity jurisdiction is met as to Jackson and Ward, giving this Court original jurisdiction over their claims.

### B. This Court May Assert Supplemental Jurisdiction Over The Claims By The Remaining Plaintiffs

14. When the Court has original jurisdiction over one or more plaintiffs and their claims, the Court may assert supplemental jurisdiction over the remaining plaintiffs and their claims. This Court should exercise its discretion to assert supplemental jurisdiction over the remaining Plaintiffs because (1) it has original jurisdiction over the claims of Plaintiffs Jackson and Ward, (2) the remaining Plaintiffs' claims arise from the same case or controversy, and (3) the remaining Plaintiffs are each diverse from Defendant.

15. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over *all other claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). Claims form part of the same case or controversy when they arise from "a common nucleus of operative fact" such that "considerations of judicial economy, convenience, and fairness to litigants" support a single adjudication. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26

(1966); *see also Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1139 (S.D. Cal. 2018) (finding supplemental jurisdiction proper under 28 U.S.C. § 1367(a) where claims arise from a "common nucleus of operative fact").

16. Here, not only do all of Plaintiffs' claims arise from a common nucleus of operative fact, but they are based on the same factual allegations and pleaded as group. *See, e.g.*, Compl. ¶¶ 71-73, 77-80, 96. Accordingly, the claims of the remaining Plaintiffs necessarily form part of the same case or controversy as Plaintiff Jackson's and Plaintiff Ward's.

17. Furthermore, when a well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, federal courts may exercise supplemental jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement as long as they are diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005). As illustrated above, the Court has original jurisdiction over Plaintiff Jackson's and Plaintiff Ward's claims based on diversity of citizenship, and each and every other Plaintiff is diverse from Defendant.

18. Finally, none of the circumstances articulated in 28 U.S.C. § 1367(c) for declining to exercise supplemental jurisdiction apply here. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court may properly exercise supplemental jurisdiction over all of the Plaintiffs' claims.

**IV.  VENUE**

19. The United States District Court for the Central District of California is the judicial district "embracing the place" where this action was filed by Plaintiffs and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

**V.  CONCLUSION**

20. Home Depot requests that the above action now pending in the Superior Court of California, County of Orange be removed to this Court. In the

event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Dated: March 18, 2022    MORGAN, LEWIS & BOCKIUS LLP

By _____
Barbara J. Miller
John D. Hayashi
Matthew M. Arnold
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# PROOF OF SERVICE

*Jackson v. Home Depot U.S.A., Inc.*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On March 18, 2022, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(A), 1367, 1441, AND 1446**

[ ]  **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on March 18, 2022. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is cindy.hachiya@morganlewis.com.

[ X ]  **BY OVERNIGHT MAIL:** I placed the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

| | |
|---|---|
| SW EMPLOYMENT LAW, APC<br>Jacob N. Whitehead, Esq.<br>Meghan N. Higday, Esq.<br>7700 Irvine Center Drive, Suite 930<br>Irvine, CA  92618<br>Telephone:     949.674.4922<br>Email: reception@jnwpc.com<br>          mhigday@swemploymentlaw.com | *Attorneys for Plaintiffs* |

[ X ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on March 18, 2022, at Costa Mesa, California.

_____
Cindy J. Hachiya

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

PROOF OF SERVICE

DB2/ 42601875.1