# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY |
|---|---|
|  | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT U.S.A., INC., a Delaware corporation,
and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TOPANGA JACKSON, an individual; CONNER WARD, an individual; MAUSA
ZAMANI, an individual (Additional Parties form is attached)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | Orange County Superior Court Central Justice Center ~~700 Civic Center Drive West~~ Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2022-01241751-CU-OE-CXC Judge Peter Wilson |
|---|---|---|

751 W. SANTA ANA BLVD

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jacob N. Whitehead, Meghan N. Higday, SW Employment Law, APC, (949)674-4922, 7700 Irvine Center Drive, Suite 930, Irvine, CA 92618

| DATE: 01/19/2022 *(Fecha)* | Clerk, by *(Secretario)* Georgina Ramirez | , Deputy *(Adjunto)* |
|---|---|---|

DAVID H. YAMASAKI, Clerk of the Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010)).*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

EXHIBIT A - PAGE 6

SUM-200(A)

| SHORT TITLE:<br>        Jackson, et al. v. Home Depot U.S.S., INc., a Delaware corporation | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiffs      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

DAVID STARK, an individual; ARTURO CONCHAS, an individual; ETHAN SHIN, an individual; DAMIAM ARTEAGA, an individual; LARRY SNIDER, an individual; WILLIAM MARKWOOD, an individual; CAMERON FORTUNE-MORTON, an individual; JOHN BAKER, an individual; CASEY HAROLD, an individual; HAYLEY KINGABY, an individual; ALEXIS PRADO, an individual; ADONIS FELIX, an individual; STEVEN WILLIAMSON, an individual; DALLAS HOVDE, an individual; CHANCE SMITH JR., an individual; LUPE RAMIREZ, an individual; JONATHAN MYERS, an individual; JOHN HOTTON, an individual; GILBERT GOMEZ, an individual; ALISSA CARREIRO, an individual; STACEY ELIAS, an individual; SARA GAVES, an individual; TEMPLE HUNG, an individual; SAVANNAH KOLB, an individual; STEVEN PEREZ, an individual; EVERETT SENA, an individual; IVY PETERSON, an individual; LUCY MUNTEANU, an individual; JASMINE PULLMAN, an individual; FELIPE AMAYA, an individual; SABRINA GORDON, an individual; ANNETTE ROMO, an individual; BRANDALYN KEKIC, an individual; RICHARD VASQUEZ, an individual; ENRIQUE DE LA RIVA, an individual; CODY HANSEN, an individual; DEVIN REYES, an individual; JOHN VAZQUEZ, an individual; REINA PARTIDA, an individual; SEAN JOYNER, an individual; JAMES GODOY, an individual; GABRIELA BANUELOS, an individual; MIKE MAGDALENO, an individual; MARTIN HERNANDEZ, an individual; CLAUDIA ESQUIVEL, an individual; NATHAN BALLENGER, an individual; DONTE ROBY, an individual; JOHANNA APODACA, an individual; KATELYN USTACH, an individual; SYMIRIA HARRIS, an individual; FERNANDO CALDERON, an individual; BRANDON PARRA, an individual; CHRISTIAN MURPHY, an individual; JOSE CERVANTES, an individual; BILL HAMMOND, an individual;

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A - PAGE 7

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Meghan N. Higday, Esq., SBN 326123<br>SW EMPLOYMENT LAW, APC<br>7700 Irvine Center Drive, Suite 930<br>Irvine, CA 92618<br>TELEPHONE NO.: (949) 674-4922    FAX NO. (Optional):<br>E-MAIL ADDRESS: mhigday@swemploymentlaw.com<br>ATTORNEY FOR (Name): Plaintiff(s) Topanga Jackson, et al. | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

751   W. SANTA ANA BLVD

CASE NAME:
Topanga Jackson, et al. v. Home Depot U.S.A., Inc., a Delaware corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**<br>(Amount demanded exceeds $25,000)   [ ] **Limited**<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2022-01241751-CU-OE-CXC |
| | | JUDGE: Judge Peter Wilson |
| | | DEPT.: CX-102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | | |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort** | **Unlawful Detainer** | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment** | | |
| [ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Other judicial review (39) | [ ] Other petition (not specified above) (43) |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 19, 2022

Meghan N. Higday
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**EXHIBIT A - PAGE 8**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SW EMPLOYMENT LAW, APC**
Jacob N. Whitehead, Esq. SBN 266123
*reception@jnwpc.com*
Meghan N. Higday, Esq. SBN 334626
*mhigday@swemploymentlaw.com*
7700 Irvine Center Drive, Suite 930
Irvine, CA 92618
Tel. (949) 674-4922

Assigned for all Purposes

Judge Peter Wilson

CX-102

Attorneys for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE

TOPANGA JACKSON, an individual;
CONNER WARD, an individual; MAUSA
ZAMANI, an individual; DAVID STARK, an
individual; ARTURO CONCHAS, an individual;
ETHAN SHIN, an individual; DAMIAM
ARTEAGA, an individual; LARRY SNIDER, an
individual; WILLIAM MARKWOOD, an
individual; CAMERON FORTUNE-MORTON,
an individual; JOHN BAKER, an individual;
CASEY HAROLD, an individual; HAYLEY
KINGABY, an individual; ALEXIS PRADO, an
individual; ADONIS FELIX, an individual;
STEVEN WILLIAMSON, an individual;
DALLAS HOVDE, an individual; CHANCE
SMITH JR., an individual; LUPE RAMIREZ, an
individual; JONATHAN MYERS, an individual;
JOHN HOTTON, an individual; GILBERT
GOMEZ, an individual; ALISSA CARREIRO,
an individual; STACEY ELIAS, an individual;
SARA GAVES, an individual; TEMPLE HUNG,
an individual; SAVANNAH KOLB, an
individual; STEVEN PEREZ, an individual;
EVERETT SENA, an individual; IVY
PETERSON, an individual; LUCY
MUNTEANU, an individual; JASMINE
PULLMAN, an individual; FELIPE AMAYA,
an individual; SABRINA GORDON, an
individual; ANNETTE ROMO, an individual;
BRANDALYN KEKIC, an individual;
RICHARD VASQUEZ, an individual;
ENRIQUE DE LA RIVA, an individual; CODY
HANSEN, an individual; DEVIN REYES, an

Case No.: 30-2022-01241751-CU-OE-CXC

**COMPLAINT FOR**

1) **FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, and 1198);**

2) **FAILURE TO PROVIDE REST PERIODS (Labor Code §§ 226.7, 1198, IWC No. 4-2001);**

3) **FAILURE TO PAY OVERTIME (Labor Code §§ 510, 1194);**

4) **FAILURE TO MAINTAIN ACCURATE RECORDS (Labor Code §1174(d));**

5) **FAILURE TO PAY ALL WAGES WHEN DUE (Labor Code § 204);**

6) **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Labor Code § 226, 226.3);**

7) **FAILURE TO REIMBURSE WORK EXPENSES (Labor Code § 2802);**

8) **FAILURE TO TIMELY PAY WAGES UPON TERMINATION (Labor Code §§ 201-203);**

9) **UNFAIR BUSINESS PRACTICES (In Violation of Bus. & Prof. Code §17200);**

**{JURY TRIAL DEMANDED}**

1

COMPLAINT

individual; JOHN VAZQUEZ, an individual; )
REINA PARTIDA, an individual; SEAN )
JOYNER, an individual; JAMES GODOY, an )
individual; GABRIELA BANUELOS, an )
individual; MIKE MAGDALENO, an )
individual; MARTIN HERNANDEZ, an )
individual; CLAUDIA ESQUIVEL, an )
individual; NATHAN BALLENGER, an )
individual; DONTE ROBY, an individual; )
JOHANNA APODACA, an individual; )
KATELYN USTACH, an individual; SYMIRIA )
HARRIS, an individual; FERNANDO )
CALDERON, an individual; BRANDON )
PARRA, an individual; CHRISTIAN MURPHY, )
an individual; JOSE CERVANTES, an )
individual; BILL HAMMOND, an individual; )
)
        Plaintiffs, )
)
    v. )
)
HOME DEPOT U.S.A., INC., a Delaware )
corporation, and DOES 1-50, inclusive, )
)
        Defendants. )
)

2

COMPLAINT

Plaintiffs TOPANGA JACKSON, an individual; CONNER WARD, an individual; MAUSA ZAMANI, an individual; DAVID STARK, an individual; ARTURO CONCHAS, an individual; ETHAN SHIN, an individual; DAMIAM ARTEAGA, an individual; LARRY SNIDER, an individual; WILLIAM MARKWOOD, an individual; CAMERON FORTUNE-MORTON, an individual; JOHN BAKER, an individual; CASEY HAROLD, an individual; HAYLEY KINGABY, an individual; ALEXIS PRADO, an individual; ADONIS FELIX, an individual; STEVEN WILLIAMSON, an individual; DALLAS HOVDE, an individual; CHANCE SMITH JR., an individual; LUPE RAMIREZ, an individual; JONATHAN MYERS, an individual; JOHN HOTTON, an individual; GILBERT GOMEZ, an individual; ALISSA CARREIRO, an individual; STACEY ELIAS, an individual; SARA GAVES, an individual; TEMPLE HUNG, an individual; SAVANNAH KOLB, an individual; STEVEN PEREZ, an individual; EVERETT SENA, an individual; IVY PETERSON, an individual; LUCY MUNTEANU, an individual; JASMINE PULLMAN, an individual; FELIPE AMAYA, an individual; SABRINA GORDON, an individual; ANNETTE ROMO, an individual; BRANDALYN KEKIC, an individual; RICHARD VASQUEZ, an individual; ENRIQUE DE LA RIVA, an individual; CODY HANSEN, an individual; DEVIN REYES, an individual; JOHN VAZQUEZ, an individual; REINA PARTIDA, an individual; SEAN JOYNER, an individual; JAMES GODOY, an individual; GABRIELA BANUELOS, an individual; MIKE MAGDALENO, an individual; MARTIN HERNANDEZ, an individual; CLAUDIA ESQUIVEL, an individual; NATHAN BALLENGER, an individual; DONTE ROBY, an individual; JOHANNA APODACA, an individual; KATELYN USTACH, an individual; SYMIRIA HARRIS, an individual; FERNANDO CALDERON, an individual; BRANDON PARRA, an individual; CHRISTIAN MURPHY, an individual; JOSE CERVANTES, an individual; BILL HAMMOND, an individual (hereinafter, "Plaintiffs") hereby bring this Complaint ("Complaint") against Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT" or "Defendant"), and DOES 1-50. Plaintiffs hereby allege as follows:

3

COMPLAINT

## THE PARTIES

**Plaintiffs**

1. Plaintiff, TOPANGA JACKSON was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Fresno, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Fresno, California, in the County of Fresno as an hourly compensated, nonexempt Paint Specialist from June 18, 2020 to January 6, 2021.

2. Plaintiff, CONNER WARD was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Lake Forest, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Lake Forest, California, in the County of Orange as an hourly compensated, nonexempt Lumber Associate from December 17, 2020 to April 9, 2021.

3. Plaintiff, MAUSA ZAMANI was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Hayward, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Hayward, California, in the County of Alameda as an hourly compensated, nonexempt Department Supervisor from January 15, 2015 to June 15, 2019.

4. Plaintiff, DAVID STARK was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of San Diego, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in San Diego, California, in the County of San Diego as an hourly compensated, nonexempt Picker from November 1, 2019 to June 3, 2020.

5. Plaintiff, ARTURO CONCHAS was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Temecula, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Lemon Grove, San Jose and Temecula, California, in the Counties of San Diego, Santa Clara and Riverside

4

COMPLAINT

as an hourly compensated, nonexempt Professional Account Sales Associate from February 3, 2003 to February 3, 2019.

6.      Plaintiff, ETHAN SHIN was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Irvine, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Irvine, California, in the County of Orange as an hourly compensated, nonexempt Professional Account Sales Associate from November 30, 2020 to September 24, 2021.

7.      Plaintiff, DAMIAN ARTEAGA was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fullerton, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Fullerton, California, in the County of Orange as an hourly compensated, nonexempt Delivery Associate from August 12, 2020 to September 30, 2021.

8.      Plaintiff, LARRY SNIDER was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Camarillo, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Camarillo, California, in the County of Ventura as an hourly compensated, nonexempt Pro Department Supervisor from March 5, 2019 to August 19, 2021.

9.      Plaintiff, WILLIAM MARKWOOD was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fountain Valley, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Huntington Beach, California, in the County of Orange as an hourly compensated, nonexempt Assistant Store Manager from November 18, 2018 to November 22, 2019.

10.      Plaintiff, CAMERON FORTUNE-MORTON was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Los Angeles, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Alhambra, California, in the County of Los Angeles as an hourly compensated, nonexempt Sales Associate from September 18, 2019 to November 4, 2021.

5

COMPLAINT

11.    Plaintiff, JOHN BAKER was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Thousand Oaks, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Thousand Oaks, California, in the County of Ventura as an hourly compensated, nonexempt Frontline Associate and Cashier from April 1, 2019 to August 1, 2021.

12.    Plaintiff, CASEY HAROLD was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Highland, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Redlands, California, in the County of San Bernardino as an hourly compensated, nonexempt Flooring Associate from May 16, 2019 to May 11, 2020.

13.    Plaintiff, HAYLEY KINGABY was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Rocklin, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Lincoln, California, in the County of Placer as an hourly compensated, nonexempt Head Cashier from November 21, 2017 to September 12, 2020.

14.    Plaintiff, ALEXIS PRADO was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Le Grand, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Madera, California, in the County of Madera as an hourly compensated, nonexempt Lot Associate from February 2, 2018 to May 15, 2019.

15.    Plaintiff, ADONIS FELIX was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Indio, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Indio, California, in the County of Riverside as an hourly compensated, nonexempt Garden Associate from February 24, 2021 to June 15, 2021.

16.    Plaintiff, STEVEN WILLIAMSON was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Bellflower, California. He was an

6

COMPLAINT

employee working in Defendant's Home Depot Home Improvement retail stores located in Lakewood, California, in the County of Los Angeles as an hourly compensated, nonexempt Flooring Specialist from May 10, 2021 to October 31, 2021.

17.     Plaintiff, DALLAS HOVDE was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fresno, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Fresno, California, in the County of Fresno as an hourly compensated, nonexempt Customer Service Representative from March 5, 2018 to July 15, 2021.

18.     Plaintiff, CHANCE SMITH JR. was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Cloverdale, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Crescent City, California, in the County of Del Norte as an hourly compensated, nonexempt Department Supervisor from August 30, 2019 to November 5, 2021.

19.     Plaintiff, LUPE RAMIREZ was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Hesperia, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Victorville, California, in the County of San Bernardino as an hourly compensated, nonexempt Service Desk Associate from July 22, 2015 to November 2, 2020.

20.     Plaintiff, JONATHAN MYERS was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of San Diego, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in San Diego, California, in the County of San Diego as an hourly compensated, nonexempt Order Fulfillment Associate from June 9, 2015 to November 17, 2020.

21.     Plaintiff, JOHN HUTTON was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Modesto, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Modesto, California,

7

COMPLAINT

in the County of Stanislaus as an hourly compensated, nonexempt Garden Associate from February 14, 2012 to November 22, 2021.

22.     Plaintiff, GILBERT GOMEZ was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Santa Ana, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Tustin, California, in the County of Orange as an hourly compensated, nonexempt Department Supervisor from November 19, 2018 to October 12, 2021.

23.     Plaintiff, ALISSA CARREIRO was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Artesia, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Cypress, California, in the County of Orange as an hourly compensated, nonexempt Pro Sales Associate from March 17, 2021 to November 8, 2021.

24.     Plaintiff, STACEY ELIAS was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of San Bernardino, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in San Bernardino, California, in the County of San Bernardino as an hourly compensated, nonexempt Lot Attendant from January 29, 2019 to November 22, 2021.

25.     Plaintiff, SARA GAVES was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Manteca, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Lodi, California, in the County of San Joaquin as an hourly compensated, nonexempt Line Manager from April 26, 2016 to March 2, 2020.

26.     Plaintiff, TEMPLE HUNG was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fremont, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Newark, California, in the County of Alameda as an hourly compensated, nonexempt Pro Desk Sales Associate from January 13, 2016 to September 22, 2021.

8

COMPLAINT

27.     Plaintiff, SAVANNAH KOLB was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of California City, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Tehachapi, California, in the County of Kern as an hourly compensated, nonexempt Sales Associate from February 24, 2017 to June 19, 2021.

28.     Plaintiff, STEVEN PEREZ was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fresno, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Fresno and Camarillo, California, in the Counties of Fresno and Ventura as an hourly compensated, nonexempt Special Services Associate from April 6, 2019 to September 17, 2021.

29.     Plaintiff, EVERETT SENA was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Adelanto, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in North Victorville, California, in the County of San Bernardino as an hourly compensated, nonexempt Sales Associate from November 5, 2019 to November 28, 2021.

30.     Plaintiff, IVY PETERSON was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Bakersfield, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Bakersfield, California, in the County of Kern, as well as Austin, Texas, as an hourly compensated, nonexempt Team Leader from May 14, 2018 to July 1, 2019.

31.     Plaintiff, LUCY MUNTEANU was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Whitter, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Anaheim Hills, California, in the County of Orange as an hourly compensated, nonexempt Special Services Associate from December 6, 2018 to November 30, 2021.

32.     Plaintiff, JASMINE PULLMAN was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Cypress, California. She was an

9

COMPLAINT

employee working in Defendant's Home Depot Home Improvement retail stores located in Huntington Beach, California, in the County of Orange as an hourly compensated, nonexempt Sales Specialist from April 10, 2013 to October 8, 2021.

33.     Plaintiff, FELIPE AMAYA was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Los Angeles, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Hollywood, California, in the County of Los Angeles as an hourly compensated, nonexempt Sales Associate from February 23, 2006 to June 30, 2021.

34.     Plaintiff, SABRINA GORDON was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Los Molinos, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Chico and Red Bluff, California, in the Counties of Butte and Tehama as an hourly compensated, nonexempt Department Supervisor from July 13, 2016 to April 12, 2021.

35.     Plaintiff, ANNETTE ROMO was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Tracy, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Tracy, California, in the County of San Joaquin as an hourly compensated, nonexempt Supervisor from May 20, 2005 to May 20, 2021.

36.     Plaintiff, BRANDALYN KEKIC was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Cressey, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Modesto, California, in the County of Stanislaus as an hourly compensated, nonexempt Cashier from January 3, 2018 to May 15, 2019.

37.     Plaintiff, RICHARD VASQUEZ was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Fresno, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Fresno,

10

COMPLAINT

California, in the County of Fresno as an hourly compensated, nonexempt Hardware Associate from August 27, 2020 to November 23, 2021.

38.     Plaintiff, ENRIQUE DE LA RIVA was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Maywood, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Huntington Park, California, in the County of Los Angeles as an hourly compensated, nonexempt Sales Associate from August 18, 2006 to June 17, 2021.

39.     Plaintiff, CODY HANSEN was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Ridgecrest, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Ridgecrest, California, in the County of Kern as an hourly compensated, nonexempt Freight Team from March 20, 2020 to August 9, 2021.

40.     Plaintiff, DEVIN REYES was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Walnut, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Covina, California, in the County of Los Angeles as an hourly compensated, nonexempt Hardware Associate from October 15, 2019 to May 12, 2021.

41.     Plaintiff, JOHN VAZQUEZ was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Hawthorne, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Gardena, California, in the County of Los Angeles as an hourly compensated, nonexempt Supervisor from April 27, 2015 to June 5, 2019.

42.     Plaintiff, REINA PARTIDA was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Sun Valley, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Van Nuys, North Hollywood and San Fernando, California, in the County of Los Angeles as an hourly compensated, nonexempt Millworks Specialist from July 9, 2012 to September 30, 2021.

11

COMPLAINT

43.     Plaintiff, SEAN JOYNER was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of San Diego, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in San Diego, California, in the County of San Diego as an hourly compensated, nonexempt Flooring Specialist from October 12, 2012 to November 21, 2021.

44.     Plaintiff, JAMES GODOY was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of West Hills, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in West Hills, California, in the County of Los Angeles as an hourly compensated, nonexempt Hardware Associate from March 15, 2021 to January 31, 2021.

45.     Plaintiff, GABRIELA BANUELOS was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of National City, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Cerritos, California, in the County of Los Angeles as an hourly compensated, nonexempt Service Desk Associate from February 28, 2015 to May 24, 2019.

46.     Plaintiff, MIKE MAGDALENO was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Winchester, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Temecula, California, in the County of Riverside as an hourly compensated, nonexempt Associate from March 7, 2018 to December 18, 2019.

47.     Plaintiff, MARTIN HERNANDEZ was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Long Beach, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Paramount, California, in the County of Los Angeles as an hourly compensated, nonexempt Flooring Specialist from December 17, 2019 to May 20, 2021.

48.     Plaintiff, CLAUDIA ESQUIVEL was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Los Angeles, California. She was

COMPLAINT

an employee working in Defendant's Home Depot Home Improvement retail stores located in Marina Del Rey, California, in the County of Los Angeles as an hourly compensated, nonexempt Head Cashier from November 27, 2019 to October 13, 2021.

49.   Plaintiff, NATHAN BALLENGER was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Murrieta, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Perris, California, in the County of Riverside as an hourly compensated, nonexempt DC Area Supervisor from December 26, 2017 to June 14, 2021.

50.   Plaintiff, DONTE ROBY was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Riverside, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Riverside, Corona and Anaheim, California, in the Counties of Riverside and Orange as an hourly compensated, nonexempt Sales Associate from January 1, 2015 to June 1, 2019.

51.   Plaintiff, JOHANNA APODACA was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Porterville, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Porterville and Ladera Heights, California, in the Counties of San Joaquin and Los Angeles as an hourly compensated, nonexempt Cashier from February 7, 2020 to October 17, 2020.

52.   Plaintiff, KATELYN USTACH was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Moorpark, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Simi Valley, California, in the County of Ventura as an hourly compensated, nonexempt Garden Sales Associate from February 7, 2020 to October 17, 2020.

53.   Plaintiff, SYMIRIA HARRIS was at all times relevant to this Complaint, an employee of Defendant. She was at all relevant times a resident of Los Angeles, California. She was an employee working in Defendant's Home Depot Home Improvement retail stores located in Inglewood,

13

COMPLAINT

California, in the County of Los Angeles as an hourly compensated, nonexempt Service Department lead from March 17, 2020 to November 2, 2021.

54.     Plaintiff, FERNANDO CALDERON was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Hesperia, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Victorville, California, in the County of San Bernardino as an hourly compensated, nonexempt Service Department Supervisor from November 16, 2015 to February 13, 2021.

55.     Plaintiff, BRANDON PARRA was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Encino, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Woodland Hills, California, in the County of Los Angeles as an hourly compensated, nonexempt Millworks Specialist from June 17, 2016 to the present.

56.     Plaintiff, CHRISTIAN MURPHY was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Eureka, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Redding, California, in the County of Shasta as an hourly compensated, nonexempt OFA from March 10, 2021 to June 21, 2021.

57.     Plaintiff, JOSE CERVANTES was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of San Ysidro, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Otay Mesa, California, in the County of San Diego as an hourly compensated, nonexempt Lumber Associate from February 15, 2021 to June 25, 2021.

58.     Plaintiff, BILL HAMMOND was at all times relevant to this Complaint, an employee of Defendant. He was at all relevant times a resident of Chico, California. He was an employee working in Defendant's Home Depot Home Improvement retail stores located in Chico, California, in the County of Butte as an hourly compensated, nonexempt Sales Associate from April 16, 2020 to February 15, 2021.

14

COMPLAINT

**Defendant HOME DEPOT**

59.     At all times relevant to this Complaint, Defendant HOME DEPOT was a Delaware corporation, duly registered and qualified to conduct business in the State of California via the California Secretary of State, doing business and employing persons throughout the State of California, where it employed Plaintiffs.

60.     Defendant HOME DEPOT is the world's largest home improvement retailer, with over 232 stores in California alone and maintains its principal corporate headquarters offices in Georgia at 2455 Paces Ferry Road, Atlanta, Georgia, 30339.

61.     At all times mentioned in this Complaint, HOME DEPOT was Plaintiffs' "employer," and Plaintiffs were its "employees" as defined by California law.

62.     Plaintiffs are unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1–50, inclusive, but pray for leave to amend and serve such fictitiously-named Defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

63.     Plaintiffs are informed and believe, and thereon allege, that DOES 1–50, inclusive, are the partners, agents, owners, shareholders, managers, principals or employees of Defendant and/or were acting on behalf of Defendant.

64.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by or is attributable to Defendant, and that each such act or omission by any individual was acting as the agent for Defendant and each of the other Doe Defendants with legal authority to act on each of their behalf. The acts of any and all Doe Defendants was in accordance with, and represent the policy of, Defendant.

65.     At all times herein mentioned, Defendant, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendant, aided and abetted the acts and omissions of each and all of the other fictitiously-named Doe Defendants in proximately causing the damages herein alleged.

15

COMPLAINT

66. Plaintiffs are informed and believed, and thereon allege, that Defendant is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## JURISDICTION AND VENUE

67. The civil penalties sought by Plaintiffs exceed the minimum jurisdiction limits of the Orange County Superior Court and will be established according to proof at trial.

68. This Court has jurisdiction of this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statues under which this action of brought do not specify any other basis for jurisdiction.

69. This Court has jurisdiction over the violations alleged herein and over Defendant and Does 1 – 50, inclusive, because upon information and belief, each party has sufficient minimum contacts in California or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice. Defendant at all times relevant employed multiple Plaintiffs while such Plaintiffs were domiciled in and performing their work duties in the State of California and within the County of Orange.

70. Venue is proper in this Court because, upon information and belief, the named Defendant transacts business and/or maintained and office in this county, and many of the acts and omissions alleged herein took place in this county.

## GENERAL ALLEGATIONS AND SUMMARY OF CLAIMS

71. Plaintiffs allege that they are individuals who currently work or formerly worked for Defendant at various Home Depot retail locations in and throughout the State of California as regular, hourly compensated, nonexempt employees. As nonexempt employees, Plaintiffs are/were entitled to be paid wages for each and every hour of labor performed. In California, employers may not require employees to work while off the clock and not be paid. Even a few minutes of time worked while off

COMPLAINT

the clock is compensable time for which Plaintiffs were entitled to be paid. As further alleged herein, Plaintiffs frequently worked while off the clock and were not compensated for that time.

72.     In addition, Plaintiffs allege that they worked, but were and/or are not paid overtime wages for all hours worked in excess of eight (8) hours in a day and more than forty (40) hours in a workweek.

73.     Furthermore, Plaintiffs allege that as hourly compensated, nonexempt employees, they were/are entitled to labor code compliant, timely, uninterrupted, non-abbreviated rest and meal break periods, accurate wage statements, timely payment of wages when due, and were entitled to receive reimbursement for work-related expenses incurred in the discharge of their job duties.

74.     *Labor Code* § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

75.     IWC Order No. 4-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(C) of IWC Order No 4-2001 provides in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

76.     *Labor Code* § 510 states in pertinent part, "Any work in excess of eight hours in one workday or in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, "any work in excess of 12 hours in one day shall be compensated at a rate of no less than twice the regular rate of pay for an employee." Plaintiffs allege that, in order to avoid paying overtime wages, Defendant required and turned a blind eye to hours that are/were worked while off the clock during required rest and meal breaks.  As a result, Plaintiffs are/were regularly, working in excess of eight hours per day, and/or required to work in excess of 40 hours per week without being paid the requisite overtime wages equal

COMPLAINT

to one and one-half times their regular rate of pay as legally mandated by *Labor Code* §§ 510, 1194 and Wage Order No. 4.

77. Defendant routinely failed to provide meal periods and rest periods to Plaintiffs. The nature of Plaintiffs' work is/was rigorous and nonstop. Plaintiffs were frequently prevented from timely taking meal breaks and rest breaks due to constant high-volume work demands and corresponding staffing shortages. Consequently, often times there is and/or was no one available in the stores to timely relieve Plaintiffs to allow them to be relieved of all duties to take such breaks. Even when Plaintiffs are/were able to take a rest or meal period, Defendant's managers, supervisors, and other employees would routinely interrupt Plaintiffs breaks in order to discuss and/or conduct business matters. Thus, Plaintiffs are/were uniformly and systematically prohibited by Defendant from taking timely, compliant, uninterrupted, unpaid 30-minute meal periods for every five hours worked as required by *Labor Code* § 512 and Wage Order No. 4.

78. Moreover, Plaintiffs are/ were not paid a premium pay penalty equal to one hour of pay at their regular rate of pay for each missed, short, late or interrupted meal period in violation of Labor Code Section 226.7.

79. Due to Plaintiffs' working off the clock during lunch breaks because of interruptions by other coworkers, supervisors, and/or managers, high-volume work, staffing shortages, and/or continuing to work while off the clock for their breaks, their daily working shifts exceeded eight hours a day and over 40 hours in a work-week. As a direct result of off the clock work, which was not compensated by Defendant, Plaintiffs' timesheets did not reflect the off the clock work as hours worked.

80. *Labor Code* § 1194 provides that employees must be separately paid an hourly wage for each and every hour worked.

81. Plaintiffs were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid all wages earned for labor performed, including an hourly wage for each and every hour worked.

---

18

COMPLAINT

82.    *Labor Code* §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

83.    *Labor Code* § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

84.    Section 12(A) of IWC Order No. 4-2001 provides in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

85.    As prior stated, the nature of Plaintiffs' work is and/or was rigorous and nonstop. Plaintiffs are/were frequently prevented from timely taking rest breaks because of the constant work demands and staffing shortages.  Most days they are/were not relieved of all duties to take such breaks. In addition, of times Defendant requires and/or required Plaintiffs to remain on duty and had to remain on the job premises, allowing no time or opportunity for rest breaks. Thus, due to Defendant's operational policies, procedures and practices Plaintiffs are/were regularly, uniformly, and systematically prohibited and impeded by Defendant from taking, timely, compliant, uninterrupted paid 10-minute rest periods for every four hours worked (or major fraction thereof) as required by Labor Code §§ 226.7, 512 and Wage Order 4.

80.    Moreover, Defendant has failed to pay Plaintiffs premium pay penalties equal to one hour's wages at their regular rate of pay for each missed, short, late or interrupted rest period *in violation of Labor Code* § 226.7(c) which provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare

19

COMPLAINT

Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

81.     Because it was due to Defendant's own business policies, procedures and practices, Defendant knew or reasonably should have known that Plaintiffs were not timely relieved of all duties because it was requiring Plaintiffs to perform more tasks and duties than were capable of being performed in a single day or a single shift, without hiring adequate staff to perform all the work or to provide relief to allow Plaintiffs the ability to take rest and meal breaks.  Thus, Plaintiffs are and/or were impeded or prevented from taking timely all meal periods and rest breaks.

82.     *Labor Code* § 226(a) requires employers to provide employees with itemized wage statements that accurately report, among other things, the total hours worked and total wages earned in each pay period.

86.     Pursuant to Section 11(C) of IWC Order No. 4-2001, Defendant was required to accurately record purported "meal periods" during which Defendant failed to relieve Plaintiffs of all duty as "on duty" meal periods and should have compensated them for such time worked through or during their meal breaks. Those additional hours worked should have been recorded by Defendant and reflected on the wage statements that Defendant provided to Plaintiffs, but Defendant failed to do so, in violation of *Labor Code* § 226(a).

87.     From the outset, Defendant has failed to comply with *Labor Code* § 226(a). As a matter of common policy and practice, Defendant does/ and did not include Plaintiffs' proper and correct number of hours worked at each correct hourly rate of pay. The wage statements that were distributed by Defendant to Plaintiffs did not contain all wages earned. Defendant's policies and practices and the omissions on the wage statements were systemic and consistent and therefore, intentional and knowing, causing Plaintiffs to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

88.     Defendant's failure to accurately record and maintain records of all hours worked and wages earned further constitutes a violation of *Labor Code* §1174(d), which requires employers to maintain accurate records of hours worked and wages earned for a period of three years.

COMPLAINT

89.     Plaintiffs who have separated from their employment with Defendant, include but are not limited to: TOPANGA JACKSON, CONNER WARD, MAUSA ZAMANI, DAVID STARK, ARTURO CONCHAS, ETHAN SHIN, DAMIAM ARTEAGA, LARRY SNIDER, WILLIAM MARKWOOD, CAMERON FORTUNE-MORTON, JOHN BAKER, CASEY HAROLD, HAYLEY KINGABY, ALEXIS PRADO, ADONIS FELIX, STEVEN WILLIAMSON, DALLAS HOVDE, CHANCE SMITH JR., LUPE RAMIREZ, JONATHAN MYERS, JOHN HOTTON, GILBERT GOMEZ, ALISSA CARREIRO, STACEY ELIAS, SARA GAVES, TEMPLE HUNG, SAVANNAH KOLB, STEVEN PEREZ, EVERETT SENA, IVY PETERSON, LUCY MUNTEANU, JASMINE PULLMAN, FELIPE AMAYA, SABRINA GORDON, ANNETTE ROMO, BRANDALYN KEKIC, RICHARD VASQUEZ, ENRIQUE DE LA RIVA, CODY HANSEN, DEVIN REYES, JOHN VAZQUEZ, REINA PARTIDA, SEAN JOYNER, JAMES GODOY, GABRIELA BANUELOS, MIKE MAGDALENO, MARTIN HERNANDEZ, CLAUDIA ESQUIVEL, NATHAN BALLENGER, DONTE ROBY, JOHANNA APODACA, KATELYN USTACH, SYMIRIA HARRIS, FERNANDO CALDERON, CHRISTIAN MURPHY, JOSE CERVANTES, and BILL HAMMOND (hereinafter referred to as the "Former Employee Plaintiffs").

90.     *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

91.     *Labor Code* § 202(a) provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

92.     As a further result of Defendant's derelict timekeeping practices and failure to compensate Plaintiffs for all hours worked, including those worked off the clock, Defendant violated *Labor Code* §§ 201 and 202 by failing to timely pay all wages due to such Former EmployeePlaintiffs who have separated from Defendant's employment at their time of discharge or quitting.

---

21

COMPLAINT

93.     *Labor Code* § 203(a) provides in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

94.     Despite Defendant's violations of *Labor Code* §§ 201 and 202 by failing to timely pay all wages due upon such Former EmployeePlaintiffs who separated from Defendant's employment during the statutory period, discharge or quitting, Defendant has failed to pay such individuals "waiting time" penalties pursuant to *Labor Code* § 203(a).

95.     *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employers' instructions.

96.     Defendant required Plaintiffs to use their personal cell phones to perform their job duties each workday throughout their employment. Defendant required them to utilize their personal cell phones for work-related communications such as phone calls and text messages. Plaintiffs were also required to downloaded applications, specifically the Home Depot Application, onto their personal cell phones through they provided customer assistance by checking the store's inventory. Moreover, some Plaintiffs were required to utilize their own personal vehicles for work-related travel to and from multiple other jobsite locations as directed by the Defendant.

97.     Despite Defendant's requirement that Plaintiffs use their personal cell phones and vehicles to perform their job duties, Defendant never reimbursed them for the expenses they incurred in doing so. Defendant's failure to reimburse Plaintiffs for these work-related expenses they incurred in the necessary discharge of the job duties, constitutes a violation of *Labor Code* §2802(a).

98.     Defendant has willfully refused to pay Plaintiffs compensation for all hours worked and has failed to maintain accurate employee records as required by law.

99.     Defendant's company-wide business and operational policies and practices violate California law as pled herein. Plaintiffs seek declaratory relief, regular and overtime compensation,

COMPLAINT

premium pay penalties for rest and meal break violations, reimbursement of business expenses, liquidated damages and other damages and penalties as permitted by California Law, as well as interest thereon and their attorneys' fees and costs.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**In Violation of Labor Code §§ 226.7(c), 512(a), 1198 and IWC Order No. 4-2001**

**(Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

100.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.     *Labor Code* § 512 provides in relevant part: "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . . An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

102.     IWC Order No. 4-2001, which applies to Defendant's industry, likewise requires employers to provide meal periods to employees. Section 11(A) of IWC Order No 4-2001 provides in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked." An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties, an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may in writing, revoke the agreement at any time."

103.     *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

23

COMPLAINT

104.   *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

105.   Throughout the statutory period, Plaintiffs were rarely provided an uninterrupted meal break due to Defendant requiring them to interrupt or cut their rest or meal breaks shorts at any given time. This made it impossible for Plaintiffs to have a duty-free uninterrupted meal break. Defendant has never paid Plaintiffs for the time they worked during their breaks nor the premium pay to which they are/were entitled for the missed and non-compliant rest and meal breaks.

106.   The nature of Plaintiffs' work is and or was rigorous and nonstop. Plaintiffs are and or were frequently prevented from timely taking meal breaks, due to their constant work demands and staffing shortages.

107.   Plaintiffs did not consent to missing their meal and rest breaks, nor did they waive their right to timely, uninterrupted meal and rest breaks by mutual consent with Defendant or otherwise.

108.   Defendant discouraged, impeded and through threats and intimidation prevented and dissuaded Plaintiffs from taking compliant 30-minute meal periods, nor did Defendant pay Plaintiffs with an additional hour of pay for these meal period violations, nor did Defendant pay Plaintiffs a premium pay penalty for missed, short, late or interrupted meal breaks pursuant to *Labor Code* § 226.7(c).

109.   As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 512(a), 1198, and IWC Order No. 4-2001, Plaintiffs seek recovery of "premium pay" pursuant to the DLSE's Policy Manual Guidelines and *Labor Code* § 226.7.

/

//

///

24

COMPLAINT

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**In Violation of Labor Code §§ 226.7(c), 1198 and IWC Order No. 4-2001**

**(Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

110.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

111.     Section 12(A) of IWC Order No. 4-2001 provides in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

112.     *Labor Code* §1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

113.     *Labor Code* § 226.7(c) provides in relevant part: "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

114.     Defendant knows, knew and/or reasonably should know or have known that Plaintiffs are/were not timely relieved of all duties and are/were impeded or prevented from timely taking timely all rest breaks after every fourth hour of work (or major fraction thereof).

115.     Plaintiffs are/were never paid premium pay penalties pursuant to *Labor Code* § 226.7(c) for any of the workdays that Defendant fails or failed to provide them timely, uninterrupted rest breaks.

25

COMPLAINT

116.     As a result of Defendant's violations of *Labor Code* §§ 226.7(c), 1198, and IWC Order No. 4-2001, Plaintiffs seek "premium pay penalties" pursuant to *Labor Code* § 226.7.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### In Violation of Labor Code §§ 510, 1194

### (Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)

117.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118.     Plaintiffs are/were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by *Labor Code* §§ 510, 1194 and Wage Order No. 4.

119.     California law requires employers, such as Defendant, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. *Labor Code* § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

120.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, *Labor Code* § 510(a) provides that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

121.     Pursuant to *Labor Code* § 1198 it is unlawful to employ persons for longer than the hours set by the IWC.

122.     Pursuant to *Labor Code* § 1194, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

---

26

COMPLAINT

123.     As set forth above, Plaintiffs are/were entitled to be paid overtime compensation for all overtime hours worked. Plaintiffs are and/or were regularly and consistently required to work overtime but are/were not paid for all overtime hours worked and are/were not paid at the correct overtime rate of pay.

124.     Plaintiffs have often worked in excess of 8 hours in a workday and/or in excess of 40 hours in a workweek.

125.     Plaintiffs also routinely work(ed) while off the clock during their meal breaks. Due to this time worked off the clock, Plaintiffs would routinely exceed eight-hour shifts and forty-hour workweeks and would not be paid the required overtime pay.

126.     Defendant has not paid Plaintiffs overtime pay for all overtime hours worked, included hours worked while off the clock and Defendant has failed to pay Plaintiffs at the correct overtime rates of pay.

127.     As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established according to proof at trial, prejudgment interest, and costs and attorneys' fees, pursuant to *Labor Code* § 1194.2 and applicable California law.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAINTAIN ACCURATE RECORDS

### In Violation of Labor Code § 1174(d)

### (Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)

128.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

129.     *California Labor Code* § 1174(d), which was in force and effect at all relevant times, herein, provides in pertinent part, that "Every person employing labor in this state shall keep… at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or

27

COMPLAINT

establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

130.   Defendant has knowingly and intentionally failed to accurately record, track, maintain and keep accurate records of each and every hour worked, and wages earned for Plaintiffs.

131.   Upon information and belief and thereon, Plaintiffs have alleged herein that Defendant routinely prohibited Plaintiffs from receiving proper, timely, and compliant meal and rest breaks, which became hours worked off the clock and were not compensated correctly nor properly recorded on Plaintiffs' timesheets made and distributed by Defendant

132.   Thus, at all times relevant, Defendant has failed to maintain accurate records of all hours Plaintiffs work/worked, including hours they are and or were working during rest and meal break period, and for the days they work(ed) in excess of eight hours, or workweeks in excess of forty hours. As a result of Defendant's failure to maintain proper accurate records, premium penalties to which Plaintiffs are/were entitled for rest and meal break violations was and is not properly recorded nor paid to Plaintiffs either.

133.   Accordingly, as a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiffs have sustained damages, for Defendant's violation of *Labor Code* § 1174(d), including loss of earnings for all hours worked, and loss of receipt of premium pay penalties, in amounts to be established at time.

134.   Plaintiffs are therefore entitled to and do seek to recover penalties, pursuant to § 1174.5, which provides that an employer who fails to properly maintain records pursuant to 1174(d) shall be subject to a civil penalty of five hundred dollars ($500).

/
//
///

28

COMPLAINT

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES EARNED WHEN DUE**

**In Violation of Labor Code § 204**

**(Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

135.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

136.    The California Labor Code requires employers to pay all wages due within the time specified by law. *California Labor Code* § 204 was in full force and effect at all relevant times herein.

137.    Section 204 of the Labor Code pertains to the timely payment of wages earned and serves a very important public policy, such that failure to timely pay an employee's wages visits strong penalties on employers who violate that right. Pursuant to § 204, for employees entitled to pay twice per month, two periods of pay are required. Labor performed between the 1st and 15th of the month must be paid between the 16th and 26th of the same month and labor performed on the 16th and the end of the month must be paid on pay days between the 1st and 10th of the following month. *Labor Code* § 210(a) provides that " … (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in §§ 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, ***plus 25 percent of the amount unlawfully withheld.***

138.    Plaintiffs are/were entitled to be paid twice monthly for labor performed. Although Plaintiffs are and/or were paid twice monthly, Defendant failed and intentionally refused to pay Plaintiffs all wages for each hour of labor performed,  twice monthly, including pay for time worked

29

COMPLAINT

while off the clock, and overtime wages they were owed  during each and every pay period of their employment.

139.    As alleged herein, Plaintiffs are/were not paid for all of their wages, for each and every hour worked, including inter alia, time worked during rest and meal breaks, time worked off the clock and overtime hours, as alleged herein, during every single pay period during their respective terms of employment.

140.    Accordingly, as a result of the unlawful acts of Defendant, Plaintiffs have been deprived of wages in amounts to be determined according to proof at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, pursuant to *Labor Code* §§ 210(a), 218 and 1194.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### In Violation of Labor Code § 226(a)

### (Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)

141.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

142.    *Labor Code* § 226(a) requires employers to provide employees itemized wage statements that accurately report, among other things, the total hours worked, and total wages earned in each pay period. Section 226(a) states in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …"

143.    *Labor Code* § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover

---

30

COMPLAINT

the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

144.   *Labor Code* § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

145.   *Labor Code* § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

146.   *Labor Code* § 226(h) provides: "An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

147.   As alleged supra, Defendant has failed to maintain accurate records, including maintenance of accurate records of time Plaintiffs work(ed) through rest and meal break periods, resulting in failure pay them all wages they were owed, including overtime wages when they work(ed) shifts in excess of eight hours or in excess of forty hours per week.

148.   In addition, because of Defendant's intentional and knowing failure to maintain proper and accurate records, overtime hours and wages earned are and/or were also never recorded, and never appear(ed) on the Plaintiffs' wage statements.

149.   Further, Defendant has knowingly and willingly failed to comply with *Labor Code* § 226. Defendant has not accurately and properly itemize all hours worked, including hours worked during rest and meal breaks, overtime hours worked and wage statements failed to include premium pay penalties for Plaintiffs' regularly missed or otherwise, non-compliant, rest and meal breaks. The wage statements issued to the Plaintiffs are / were not accurate, did and or do not reflect or include all the correct corresponding wages earned during each and every pay period worked. As alleged the omissions and inaccuracies were knowing and intentional product of Defendant's attempt to avoid having to pay premium pay penalties and overtime wages. Defendant's knowing, and intentional

31

COMPLAINT

omissions has caused the Plaintiffs to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are/were lawfully entitled.

150.    As a result of Defendant's violations of *Labor Code* § 226(a), Plaintiffs seek an award of penalties pursuant to *Labor Code* § 226(e)(1), and injunctive relief, attorneys' fees, and costs pursuant to Labor Code § 226(h).

<u>**SEVENTH CAUSE OF ACTION**</u>

**FAILURE TO REIMBURSE WORK EXPENSES**

**In Violation of Labor Code § 2802**

**(Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

151.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

152.    *Labor Code* § 2802(a) requires employers to reimburse employees for all expenses they incur in direct consequence of the discharge of their duties or obedience to their employers' instructions.

153.    As alleged, Defendant requires or required Plaintiffs to use their personal cell phones to perform their job duties each workday throughout their employment. At all times during Plaintiffs' employment, Plaintiffs are/were required to utilize their personal cell phones for daily work-related phone calls and text messages with other employees and supervisors. Plaintiffs also download(ed) applications onto their personal cell phones through which applications are/were used assist customers and check inventory. Moreover, some Plaintiffs are/were required to utilize their own personal vehicles for work-related travel to and from multiple jobsite locations as directed by the Defendant.

154.    Despite Defendant's requirement that Plaintiffs incur expenses using their personal cell phones and vehicles to perform their job duties, Defendant has never reimbursed them for doing so. Defendant's failure to reimburse Plaintiffs violated *Labor Code* § 2802(a).

155.    As a result of Defendant's failure to indemnify and reimburse Plaintiffs for the expenses they necessarily incur(ed) in the performance and discharge of their work-related duties, Plaintiffs have sustained economic damages in amount to be proven at trial.

32

COMPLAINT

156.    As a result of Defendant's violation of *Labor Code* § 2802, Plaintiffs seek reimbursement for all business-related expenses they have incurred working for Defendant, in amounts to be determined at trial, with interest thereon as well as their attorney's fees and costs of suit pursuant to *Labor Code* § 2802(c).

## EIGHTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES UPON TERMINATION

### In Violation of Labor Code §§ 201-203

**(Brought by the Former Employee Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

157.    The Former Employee Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

158.    An employee who is discharged must be paid all of his or her wages, including accrued vacation, at the time of termination.

159.    *Labor Code* § 201(a) provides in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

160.    *Labor Code* § 202(a) provides in relevant part: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

161.    All outstanding and unpaid wages were due and owed to the Former Employee Plaintiffs who separated from Defendant's employment at the time of their voluntary or involuntary discharge or termination of employment.

162.    As alleged, Defendant owed and did not pay the Former Employee Plaintiffs all wages they were owed, including wages for time worked while off the clock and overtime wages for hours that were worked in excess of eight hours in a day or more than forty hours in a work-week.

33

COMPLAINT

163.    An employer who willfully fails to pay any wages due a terminated employee (discharge or quit) in the prescribed time frame may be assessed a waiting time penalty. The waiting time penalty is an amount equal to the employee's daily rate of pay for each day the wages remain unpaid, up to a maximum of thirty (30) calendar days. *Mamika v. Barca* (1998) 68 Cal.App4th 487 and pursuant to Labor Code § 203(a) which provides in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with § § 201 . . . 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

164.    Defendant failed to pay all wages due upon the Former Employee Plaintiffs' voluntary or involuntary termination of the employment relationship.

165.    More than thirty days have passed since the Former Employee Plaintiffs ceased their employment with Defendant and they are thus entitled to receive "waiting time" penalties up to a maximum of thirty (30) calendar days of their per diem wages, pursuant to the provisions of Labor Code § 203(a).

166.    Further, Labor Code § 218.5(a) states in relevant part: "In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

167.    As a result of Defendant's violations of Labor Cod*e* §§ 201 and 202, the Former Employee Plaintiffs seek to recover not only their unpaid wages yet due, but also an award of "waiting time penalties" pursuant to Labor Code § 203, and attorney's fees and costs pursuant to *Labor Code* § 218.5.

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

**In Violation of Bus. & Prof. Code § 17200 et seq.**

**(Brought by Plaintiffs Against Defendant and Does 1 – 50, inclusive)**

---

34

COMPLAINT

168.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth herein.

169.   California Business and Professions Code § 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

170.   California Business and Professions Code § 17202 provides: "Notwithstanding § 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

171.   California Business and Professions Code § 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

172.   California Business and Professions Code § 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

173.   Pursuant to § 17204, Plaintiffs are entitled to enforce all applicable provisions of the Labor Code.

174.   As alleged herein, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Labor Codes §§ 201-203, 204, 226 (a), 226.7, 510, 512, 1174, 1194, 1198, 2802 and the provisions of IWC No. 4-2001.

175.   The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200 et seq.

176.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, et seq. Among other things, Defendant's acts and practices have forced Plaintiffs to labor without receiving appropriate wages for each and every hour worked at the correct corresponding rates

of pay  and/or to incur personal cell phone expenses and vehicle expenses in the discharge of their duties.

177.    The acts and practices described above have allowed Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

178.    As a result of the acts and practices described herein, Plaintiffs have been denied compensation in an amount to be proven at trial.

179.    Plaintiffs are therefore, entitled to restitution pursuant to Business and Professions Code § 17203 and 17208 for all wages and other compensation unlawfully withheld from them.

180.    As a result of the aforementioned acts and practices, Defendant has received and continues to receive ill-gotten gains belonging to Plaintiffs.

181.    Injunctive relief is necessary and appropriate to prevent Defendant from repeating and continuing their unlawful, unfair and fraudulent business acts and practices described herein.

182.    Pursuant to § 17203 and/or any other applicable law, Plaintiffs seek an order preventing Defendant from engaging in unlawful, unfair and fraudulent conduct and preventing Defendant from profiting and benefiting from their illegal and wrongful acts.

183.    Plaintiffs' success in this action will enforce important rights affecting the public interest.

184.    An award of attorneys' fees is appropriate pursuant to California Civil Code § 1021.5 because 1) there is a financial burden involved in pursuing this action; and 2) it would be against the interest of justice to force Plaintiffs to pay attorneys' fees from any amount recovered in this action.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:**

**ON THE FIRST THROUGH NINTH CAUSES OF ACTION**

1.    A declaratory judgment that the practices complained of herein are unlawful under California law;

36

COMPLAINT

2.    Appropriate equitable relief to remedy Defendant's violations of California law including, but not necessarily limited to, an order enjoining Defendant from continuing their unlawful practices;

3.    For an award of unpaid wages for all labor performed and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to Labor Code §§ 200, 218, 1194 and 1194.2;

4.    For an award of unpaid overtime wages pursuant to Labor Code §§ 510 and 1194;

5.    All appropriate California statutory penalties, including but not limited to Labor Code §§ 210, 226, 226.7, 1174 and 2802;

6.    Premium pay penalties at the rate of one hour of regular pay for each instance in which a Plaintiff was not provided a first or second meal break period;

7.    Premium pay penalties at the rate of one hour of regular pay for each instance in which a Plaintiff worked through a rest break or was not provided a proper rest break for every four hours worked or major fraction thereof;

8.    Labor Code § 203 waiting time penalties as applicable;

9.    Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3 and 210;

10.   Reimbursement of the necessary expenses incurred by the Plaintiffs in the discharge of their duties;

11.   For an order that Defendant make restitution to Plaintiffs due to its unlawful business practices, including restitution and payment of Plaintiffs' unlawfully withheld wages pursuant to Business and Professions Code §§ 17203 and 17204;

12.   Pre-judgment and post-judgment interest, as provided by law;

13.   Such other equitable relief as the Court may deem just and proper;

14.   Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and other applicable California laws.

---

37

COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demands trial of all issues by jury.


DATED  January 19, 2022                    **SW EMPLOYMENT LAW GROUP**


By:  _____
                    Jacob N. Whitehead, Esq.
                    Meghan N. Higday, Esq.
                    Attorneys for Plaintiffs

38

COMPLAINT